Filing # 25979492 E-Filed 04/12/2015 11:57:34 PM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>  COUNTY, FLORIDA

Case No.: 2015 CA 000834
Judge: _____

<u>NORMA B GILO</u>
Plaintiff
        vs.
<u>FLORIDA DEPARTMENT OF CORRECTIONS</u>
Defendant

**II.    TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
    - ☐ Non-homestead residential foreclosure or more
    - ☐ Other real property actions $0 -

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

A Certified Copy
Attest:
**Bob Inzer**
Clerk & Comptroller
Leon County, Florida
By_____
        Deputy Clerk

6-8-2015

DEFENDANT'S EXHIBIT
A

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☒ No ☐

III.    **REMEDIES SOUGHT** (check all that apply):
    ☒  Monetary;
    ☒  Non-monetary
    ☒  Non-monetary declaratory or injunctive relief;
    ☒  Punitive

IV.    **NUMBER OF CAUSES OF ACTION: (    )**
    (Specify)

    <u>2</u>

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐  Yes
    ☒  No

VI.    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒  No
    ☐  Yes – If "yes" list all related cases by name, case number and court:

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒  Yes
    ☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Marie A Mattox</u>        FL Bar No.: <u>739685</u>
    Attorney or party                                                        (Bar number, if attorney)


    <u>Marie A Mattox</u>        <u>04/12/2015</u>
    (Type or print name)                                    Date

Filing # 25979492 E-Filed 04/12/2015 11:57:34 PM

**IN THE CIRCUIT COURT OF THE**
**SECOND JUDICIAL CIRCUIT, IN**
**AND FOR LEON COUNTY, FLORIDA**
2015 CA 000834

**NORMA B. GILO,**                                    **CASE NO.: 15-CA-**
                                                      **FLA BAR NO.: 0739685**
    **Plaintiff,**

**v.**

**FLORIDA DEPARTMENT OF**
**CORRECTION,**

    **Defendant.**

_____/

A Certified Copy
Attest:
**Bob Inzer**
Clerk & Comptroller
Leon County, Florida
By_____
Deputy Clerk
6-8-2015

## COMPLAINT

    Plaintiff, NORMA B. GILO, hereby sues Defendant, FLORIDA DEPARTMENT OF

CORRECTIONS and alleges:

### NATURE OF THE ACTION

    1.    This is an action brought under Chapter 760, Florida Statues; 42 U.S.C. §2000e et

seq. and 42 U.S.C. §1981a.  This is also an action brought pursuant to the common law of the

State of Florida.

    2.    This is an action involving claims which are, individually, in excess of Fifteen

Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

    3.    At all times pertinent hereto, Plaintiff, NORMA B. GILO, has been a resident of

the State of Florida and was employed by Defendant.  Plaintiff is a member of a protected class

because of her gender. Moreover, Plaintiff is a member of a protected class because she reported

unlawful employment practices and was subject to retaliation thereafter.

4.      At all times pertinent hereto, Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff began her employment with the Defendant on or around September 2, 2011 as Chief Health Officer.

7.      Chief Health Officers are more superior in rank than Senior Physicians. Plaintiff learned that male Department of Corrections Physicians who had a lower title than hers were paid a higher salary than her. The male physicians who were paid more than Plaintiff had less seniority than Plaintiff had and some had fewer duties and responsibilities.

8.      On or about March 26, 2013, Plaintiff filed a charge of gender discrimination with the EEOC.

9.      After that, Defendant became privatized and Corizon took over the management of the same institution from which Plaintiff was terminated. Corizon was aware of the circumstances of Plaintiff's termination, but nevertheless, hired Plaintiff to work in the same

2

institution from which she was terminated by Defendant Corizon gave Plaintiff a start date of July 2, 2014.

10.     Shortly before Plaintiff was supposed to begin her employment, Corizon advised her that they will contact Olubenga Ogunsanno, the Director of Health Services for the Department of Corrections, to get his approval for hiring Plaintiff. After contacting Ogunsanno, Corizon told Plaintiff that it decided against hiring Plaintiff.[1]

11.     There is a direct connection between Plaintiff's termination and Ogunsanno's failure to approve rehiring Plaintiff and Plaintiff's protected activity of filing a complaint with the EEOC.

12.     Ogunsanno also blocked Plaintiff's appointment to a position with a Locum Tenens contractor for Defendant soon after Plaintiff filed her charge with the EEOC. This contractor was interested and continues to be interested in hiring Plaintiff, but Plaintiff's appointment is being continuously blocked by Ogunsanno. This contractor has last contacted Plaintiff about working with them in September of 2014 and was again deterred by Defendant from hiring Plaintiff.

13.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT I
## GENDER DISCRIMINATION

14.     Paragraphs 1-9 and 13 are re-alleged and incorporated herein by reference.

---

[1]     Paragraphs 10-12 are for informational purposes only as Plaintiff is in the process of exhausting her administrative remedies on the failure to hire/termination.  That claim will be

3

15.     This is an action against Defendant for discrimination based upon gender brought

under Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

16.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in

that Plaintiff was treated differently than similarly situated employees of Defendant who are

male and has been subject to hostility and poor treatment on the basis, at least in part, of

Plaintiff's gender.

17.     Defendant is liable for the differential treatment and hostility towards Plaintiff

because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

or it knew or should have known of these actions and inactions and failed to take prompt and

adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

18.     Furthermore, Defendant knowingly condoned and ratified the differential

treatment of Plaintiff as more fully set forth above because it allowed the differential treatment

and participated in same.

19.     Defendant's known allowance and ratification of these actions and inactions

created, perpetuated and facilitated an abusive and offensive work environment within the

meaning of the statutes referenced above.

20.     In essence, the actions of agents of Defendant, which were each condoned and

ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

21.     The discrimination complained of herein affected a term, condition, or privilege

of Plaintiff's continued employment with Defendant.  The events set forth herein led, at least in

part, to adverse actions against and involving Plaintiff.

---

added to this lawsuit upon exhaustion of Plaintiff's administrative remedies.

4

22.     Defendant's conduct and omissions constitutes intentional discrimination and
unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes,
and 42 U.S.C. §2000e et seq..

23.     As a direct and proximate result of Defendant's conduct described above, Plaintiff
has suffered emotional distress, mental pain and suffering, past and future pecuniary losses,
inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along
with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have
occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief.

## COUNT II
## VIOLATION OF THE EQUAL PAY ACT

24.     Paragraphs 1-9 and 13 are hereby re-alleged and incorporated herein by reference.

25.     This is an action against Defendant under the Equal Pay Act codified at 29 U.S.C.
§206(d)(1).

26.     Under the Equal Pay Act, Defendant is responsible for ensuring that no
discrimination occurs between employees on the basis of sex by paying wages to employees at a
rate less than the rate at which Defendant pays wages to employees of the opposite sex for equal
work on jobs, the performance of which requires equal skill, effort and responsibility, and which
are performed under similar working conditions.

27.     The Equal Pay Act proscribes discrimination between employees on the basis of
sex by paying wages to employees in the workplace at a rate less than the rate at which the
employer pays wages to employees of the opposite sex in such establishment for equal work on
jobs, the performance of which requires equal skill, effort and responsibility, and which are
performed under similar working conditions.

5

28.     Defendant has violated the Equal Pay Act by failing to pay Plaintiff at the same or comparable rate as that paid to male employees of Defendant for work on jobs, the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions.

29.     During Plaintiff's employment with Defendant, Defendant has required Plaintiff to perform the duties of comparable male employees as described more fully above but paid her less than male employees who were less experienced in the same or comparable positions, for performing the same or substantially similar job duties requiring equal skill, effort and responsibility under similar working conditions within Defendant.

30.     The differential rate of pay was not part of or occasioned by a seniority system, merit system, a system based upon the quantity or quality of production or upon a factor other than gender.

31.     During the period of Plaintiff's employment with Defendant, Defendant was subject to the provisions of the Equal Pay Act.

32.     At all times pertinent hereto, Defendant has been an "employer", has engaged in an industry regulated under the Equal Pay Act, is within the jurisdiction of this Court, and employs two or more persons.

33.     Defendant has been engaged in policies and practices of employment which willfully or, in the alternative, recklessly discriminate against the Plaintiff on the basis of her sex by paying her a lesser rate of pay than that paid to males who were performing or were to have performed the same or substantially similar job duties which require equal skill, effort and responsibility, and under the same working conditions within Defendant.

6

34.    All of the above acts of Defendant violate 29 U.S.C. §206 et seq.  The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this action for permanent injunction and other relief is her only means of securing adequate relief. The Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's actions as stated above.

35.    As a direct and proximate cause of the actions of Defendant, Plaintiff has suffered lost wages and other benefits.  These damages have occurred in the past, are permanent and continuing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

7

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the
circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 12th day of April 2015.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
michelle2@mattoxlaw.com
joshua@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

8



## LEON COUNTY Receipt of Transaction
### Receipt #    1016548

BOB INZER
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A Mattox
310 East Bradford Road
Tallahassee, FL 32303

**On Behalf Of:**
NORMA B GILO

310 E BRADFORD RD
TALLAHASSEE, FL 32303

On: 4/13/2015 11:15:47AM
Transaction # 100252094
Cashiered by: S CROUSE

CaseNumber 2015 CA 000834

Judge GEORGE REYNOLDS III

NORMA B GILO *VS* FLORIDA DEPARTMENT OF CORRECTIONS

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| Total: | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| Grand Total: | 400.00 | 0.00 | 0.00 | 400.00 | 400.00 | 0.00 |

PAYMENTS

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 25979492 | OK | 400.00 | 0.00 | 0.00 | 0.00 | 400.00 |
| | | Payments Total: | 400.00 | 0.00 | 0.00 | 0.00 | 400.00 |

**For your payment convenience, our office located at 1276 Metropolitan Blvd, Suite 101, is open on Saturdays from 9am to 1pm.**

A Certified Copy
Attest:
Bob Inzer
Clerk & Comptroller
Leon County, Florida
By
Deputy Clerk
6-8-2015

Page 1 of 1



## LEON COUNTY Receipt of Transaction
### Receipt #    1017246

BOB INZER
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
CHELSEA RAZAVI
440 RICHVIEW PARK CIR E
MULTI COPIES ON MULTI CASES
TALLAHASSEE, FL 32301

**On Behalf Of:**
PRO SE

,

On: 4/14/2015  3:33:01PM
Transaction # 100252837
Cashiered by: L BRYSON
Payment Location: PAYMENT IN PERSON

CaseNumber  2015 CA 000834

Judge  GEORGE REYNOLDS III

NORMA B GILO  *VS*  FLORIDA DEPARTMENT OF CORRECTIONS

Comments:

| Fee Description | | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (CO4_CA) FORMS COPIES | | 35.00 | 0.00 | 0.00 | 35.00 | 35.00 | 0.00 |
| | Total: | 435.00 | 400.00 | 0.00 | 35.00 | 35.00 | 0.00 |
| | Grand Total: | 435.00 | 400.00 | 0.00 | 35.00 | 35.00 | 0.00 |

**PAYMENTS**

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CHECK | 458 | OK | 35.00 | 0.00 | 0.00 | 0.00 | 35.00 |
| | | Payments Total: | 35.00 | 0.00 | 0.00 | 0.00 | 35.00 |

For your payment convenience, our office located at 1276 Metropolitan Blvd, Suite 101, is open on Saturdays
from 9am to 1pm.



# LEON COUNTY Receipt of Transaction
## Receipt #    1020607

BOB INZER
Clerk of Court and Comptroller
LEON COUNTY, FLORIDA

**Received From:**
Marie A Mattox
310 East Bradford Road
Tallahassee, FL 32303

**On Behalf Of:**
PRO SE

On: 4/23/2015 11:13:14AM
Transaction # 100256340
Cashiered by: Y SMITH

CaseNumber  2015 CA 000834

Judge  GEORGE REYNOLDS III

NORMA B GILO  *VS*  FLORIDA DEPARTMENT OF CORRECTIONS

Comments:

| Fee Description | Fee | Prior Paid | Waived | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| (COMP_CA) COMPLAINT | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| (CO4_CA) FORMS COPIES | 35.00 | 35.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| (SUIS) SUMMONS ISSUED | 10.00 | 0.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| **Total:** | **455.00** | **435.00** | **0.00** | **20.00** | **20.00** | **0.00** |
| **Grand Total:** | **455.00** | **435.00** | **0.00** | **20.00** | **20.00** | **0.00** |

PAYMENTS

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| CREDIT CARD EFILE | 26426802 | OK | 20.00 | 0.00 | 0.00 | 0.00 | 20.00 |
| | | **Payments Total:** | **20.00** | **0.00** | **0.00** | **0.00** | **20.00** |

**For your payment convenience, our office located at 1276 Metropolitan Blvd, Suite 101, is open on Saturdays from 9am to 1pm.**

Filing # 26426802 E-Filed 04/22/2015 07:25:58 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

NORMA B. GILO,                                    CASE NO.: 15-CA-834

      Plaintiff,

v.                                                # Summons

FLORIDA DEPARTMENT OF
CORRECTIONS,

      Defendant.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

      **FLORIDA DEPARTMENT OF CORRECTIONS**
      **c/o Michael D. Crews, Secretary**
      **501 South Calhoun Street**
      **Tallahassee, FL 32399**

      Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      DATED on     4/23/2015       , 2015.



                     CLERK OF THE CIRCUIT COURT

                     By:_____
                           Attest:

                           Bob Inzer
                           Clerk & Comptroller
                           Leon County, Florida
                           By_____
                               Deputy Clerk

                                       6-9-2015

Filing # 26426802 E-Filed 04/22/2015 07:25:58 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

NORMA B. GILO,                          CASE NO.: 15-CA-834

       Plaintiff,

v.                                      # Summons

FLORIDA DEPARTMENT OF
CORRECTIONS,

       Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

       **DIVISION OF RISK MANAGEMENT**
       **Department of Financial Services**
       **200 East Gaines Street**
       **Tallahassee, FL 32399**

       Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

       DATED on _____4/23/2015_____, 2015.

                   CLERK OF THE CIRCUIT COURT

By: _____

A Certified Copy
Attest:
**Bob Inzer**
Clerk & Comptroller
Leon County, Florida
By_____
Deputy Clerk

6-8-2015

Filing # 27946596 E-Filed 06/01/2015 05:37:51 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

NORMA B. GILO,                                    CASE NO.: 15-CA-834

       Plaintiff,

vs.

FLORIDA DEPARTMENT OF
CORRECTIONS,

       Defendant.
_____/

## NOTICE OF APPEARANCE

The undersigned hereby files this Notice of Appearance as counsel of record for the

Defendant in the above-referenced case. Please direct all pleadings, correspondence, and other

communications regarding this case to:

Jeffrey S. Howell, Esquire
Phipps & Howell
201 S. Monroe Street, 4th Floor
Tallahassee, FL 32301
jeff@phipps-howell.com
beata@phipps-howell.com

Respectfully Submitted,

/s/ Jeffrey S. Howell
Jeffrey S. Howell
Florida Bar No. 0793840
Phipps & Howell
201 S. Monroe Street, 4th Floor
Tallahassee, Florida 32301
(850) 222-7000
(850) 681-3998 (Fax)
Attorney for the Defendant

A Certified Copy
Attest:
Bob Inzer
Clerk & Comptroller
Leon County, Florida
By_____
6-8-2015

1

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a copy of the foregoing Notice of Appearance was forwarded via email transmission to Marie Mattox, marie@mattoxlaw.com; this 1st day of June, 2015.

/s/ Jeffrey S. Howell
Jeffrey S. Howell

2

Filing # 27980074 E-Filed 06/02/2015 02:05:07 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

NORMA B. GILO,                                    CASE NO.: 15-CA-834

        Plaintiff,

vs.

FLORIDA DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____/

## ANSWER & AFFIRMATIVE DEFENSES

      Defendant, FLORIDA DEPARTMENT OF CORRECTIONS ("Defendant" or

"Department"), responds to the Complaint in the above-referenced case and states as follows:

## NATURE OF THE ACTION

    1.     Admitted solely for purposes of jurisdiction; otherwise denied.

    2.     Admitted solely for purposes of jurisdiction; otherwise denied.

## THE PARTIES

    3.     Admitted that Norma B. Gilo was for a time employed by Defendant, otherwise

denied.

    4.     Denied that Defendant was Plaintiff's employer at all times pertinent to the

allegations within the complaint, otherwise admitted.

## CONDITIONS PRECEDENT

    5.     Admitted.

A Certified Copy
Attest:
**Bob Inzer**
Clerk & Comptroller
Leon County, Florida
By_____
Deputy Clerk
6-8-2015

## STATEMENT OF THE ULTIMATE FACTS

6.      Admitted.

7.      Denied.

8.      Admitted.

9.      Admitted that Corizon took over the management of the facility that had employed Plaintiff, otherwise without knowledge.

10.     Without knowledge.

11.     Denied.

12.     Without knowledge as to the actions or intent of third party contractor and its agents and employees, otherwise denied.

13.     Admitted that Plaintiff appears to have retained counsel, otherwise denied.

### COUNT I
### GENDER DISCRIMINATION

14.     Admitted, denied, or without knowledge to the extent previously stated in Paragraphs 1 through 13 of this Answer.

15.     Admitted solely for purposes of jurisdiction; otherwise denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

2

23.     Denied.  Defendant demands strict proof of all general and special damages.

## COUNT II
## VIOLATION OF THE EQUAL PAY ACT

24.     Admitted, denied, or without knowledge to the extent previously stated in Paragraphs 1 through 13 of this Answer.

25.     Admitted solely for purposes of jurisdiction, otherwise denied.

26.     Admitted that the Defendant is subject to the cited text of the Equal Pay Act, codified as 29 U.S.C. §206, subject to applicable exceptions contained in the Fair Labor Standards Act.

27.     Admitted.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Admitted.

32.     Admitted.

33.     Denied.

34.     Denied.

35.     Denied.  Defendant demands strict proof of all general and special damages.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint, and every cause of action therein, has failed to state a claim upon which relief may be granted.

2.     The Plaintiff's Complaint as filed contains mere statements of opinion and conclusions, unsupported by specific facts and as such the Complaint fails to state a cause of

action for which relief can be granted.

3.      The Plaintiff alleges that she has suffered damages by reason of Defendant's conduct; Defendant asserts the right of offset if any amount of money is owed to Plaintiff by another party as a result of the conduct alleged.

4.      Plaintiff has failed to mitigate and lessen damages, if any she sustained, as required by law, and is barred from recovery by reason thereof against Defendant.

5.      If the Plaintiff has mitigated her own alleged damages, the Defendant is entitled to an offset for this amount.

6.      Any judgment for the Plaintiff against the Defendant is limited pursuant to Section 768.28, Florida Statutes.

7.      Defendant at all times took actions that were legitimate and non-discriminatory with respect to Plaintiff.  All actions taken by Defendant were for legitimate business purposes. With regard to all of the employment actions and/or decisions made by the Defendant alleged to be retaliatory or discriminatory by Plaintiff in the Complaint, the Defendant asserts and defends that it would have taken the same actions regardless of Plaintiff's gender, any statements or assertions by the Plaintiff, and regardless of any administrative claim filed by Plaintiff with the FCHR or EEOC.

8.      Defendant in no way treated the Plaintiff any differently than any other employee, therefore the Defendant cannot be liable for any cause of action under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.),  42 U.S.C. § 1981a, 29 U.S.C. § 794, 29 U.S.C. § 701, 29 U.S.C. § 621, Chapter 760, Florida Statutes, Chapter 112, Florida Statutes, Chapter 440, Florida Statutes.

9.     Plaintiff's claims against Defendant are frivolous, vexatious, unreasonable and/or without foundation.   As such, Plaintiff's request for attorney fees should be barred, and Defendant entitled to recover reasonable attorney fees incurred in defense of this matter pursuant to Section 760.11(5), Florida Statutes.

10.     Plaintiff was at fault in how she conducted herself and her affairs relative to the incidents described in Plaintiff's complaint.   Such fault caused or contributed to the damages complained of in this case.

11.     Defendant denies that Plaintiff was damaged or injured in any way, but if Plaintiff was damaged or injured such damage was done by individuals acting outside the course and scope of their employment.

12.     People or entities other than this defendant caused or contributed to the damages plaintiff claims to have suffered. Therefore any award made in favor of the plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the complaint.

13.     To the extent that Plaintiff suffered injury as a result of the actions from some third party and/or conditions not under the control of Defendant, Plaintiff is barred from recovery, in whole or in part, against Defendant with respect to such injuries.

14.     To the extent some or all of Plaintiff's claim are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

15.     To the extent Plaintiff's Charge of Discrimination, FCHR Complaint, or this action have not been timely filed, Plaintiff is not entitled to recover with respect to any such

5

untimely claims.

16.     To the extent Plaintiff's claims include disparate treatment, Plaintiff cannot establish a prima facie case for gender discrimination because she cannot establish that any other employee similarly situated to her was treated more favorably by Defendant.

17.     Defendant has made good faith efforts to comply with all equal employment laws.

18.     None of Plaintiff's alleged disclosures concerned unlawful employment practices, so Plaintiff has no claim for retaliation under the Florida Whistle-blower's Act, Chapter 760, Fla Stat., or under 42 U.S.C. § 2000e.

19.     Plaintiff did not engage in any statutorily protected activities and/or did not appropriately raise any concerns she had in a manner that is protected by Title VII, the FCRA, the Florida Whistle-blower's act, or 42 U.S.C. § 2000e.

20.     Plaintiff cannot establish a causal connection between her alleged protected activity, which Defendant specifically denied, and the alleged adverse employment actions.

21.     To the extent decisions made regarding Plaintiff's employment were based on erroneous or mistaken beliefs as to certain facts or circumstances, such decisions were nonetheless made in good faith and were not motivated by any discriminatory intent of any alleged protected activity by Plaintiff, which Defendant specifically denies.

22.     To the extent part or all of Plaintiff's claims were not described in or otherwise covered by the administrative Charge of Discrimination/Complaint filed by Plaintiff and/or to the extent Plaintiff failed to exhaust her administrative remedies before the E.E.O.C. and/or F.C.H.R., Plaintiff is not entitled to proceed with such claims.

23.     Any damages and/or injuries in the nature of emotional harm sustained by

6

Plaintiff were caused by Plaintiff's pre-existing or unrelated emotional and mental health conditions and/or injuries and were not caused or aggravated by any action or inaction by Defendant.

24.      Plaintiff comes before this court with unclean hands.

25.      Plaintiff is unable to establish a prima facie case for any of the pled causes of action.

26.      Because the Complaint only alleges conclusions of fact and law, the answering Defendant cannot fully anticipate all affirmative defenses and reserves the right to add additional affirmative defenses as discovery proceeds or additional pleadings are filed.

**Wherefore**, Defendant demands judgment in its favor and against the Plaintiff, plus costs and reasonable attorney fees, and any further relief this Court deems proper.


Respectfully submitted,


/s/ Jeffrey S. Howell
Jeffrey S. Howell
Florida Bar No.: 793840
Phipps & Howell
201 S. Monroe Street, 4th Floor
Tallahassee, Florida 32302-1351
Telephone: (850) 222-7000
Facsimile: (850) 681-3998
Attorney for Defendant
STATE OF FLORIDA,
DEPARTMENT OF CORRECTIONS

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above was served via facsimile transmission (850) 383-4801 and via email transmission to, Marie A. Mattox, marie@mattoxlaw.com; this 2nd day of June, 2015.

/s/ Jeffrey S. Howell
Jeffrey S. Howell

8